FRANK ZORRILLA, ETC., peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MANUEL A. MOREDA, JUEZ, demandado.

*Número:* C-66-37        *Resuelto:* 28 de junio de 1967

*Fiddler, González & Rodríguez* y *Ramón Lomba Miranda,* abogados de la peticionaria.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Santana Becerra y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El Tribunal Superior, Sala de San Juan, dictaminó que la causa de pedir de los querellantes estaba prescrita. Acordamos revisar la sentencia que así lo determinó. Confirmamos resolviendo que el término de tres años establecido en el Art. 32 de la Ley de Salario Mínimo, la Núm. 96 de junio de 1956, 29 L.P.R.A. sec. 246d(a), es uno de caducidad.[1] La querella se había radicado el 13 de mayo de 1964. Los querellantes dejaron de prestar servicios para el patrono en o antes del 13 de mayo de 1961. Dictamos sentencia desestimando la querella por haber caducado la acción. Al resolver expresamos que "[e]llo es así porque como el año debe reputarse que consta de 365 días—interpretación que adoptamos en relación con la computación de términos de prescripción en *Ortiz* v. *Am. Railroad Co.,* 62 D.P.R. 181, 186 (1943), ratificado en *Sánchez* v. *Cooperativa Azucarera,* 66 D.P.R. 346 (1946) y *Escalera* v. *Andino,* 76 D.P.R. 268 (1954)— y siendo bisiesto el año 1964, el término expiró en 12 de mayo de este último."

Esta sentencia tiene fecha de 11 de marzo de 1965. Cinco meses después, el 11 de agosto, la representación de los querellantes radicó una moción ante este Tribunal exponiendo que de acuerdo con lo resuelto en *Escalera* v. *Andino,* 76

---

[1] Pero véase la Ley Núm. 106 de 6 de junio de 1967.

D.P.R. 268 (1954), la acción de los querellantes no había caducado. Precisamente en *Andino* expresamos que "[p]artiendo de la última disposición del artículo 8 de nuestro Código Civil, en cuanto a que si los meses comprendidos dentro del término son determinables como unidades independientes, se computarán por los días que respectivamente tengan, y considerando la aplicación del cuadrienio gregoriano a nuestro pueblo para los años bisiestos, adoptamos como regla local que el año legal será de 365 días si no resulta año bisiesto y de 366 días si resulta el mes de febrero del año bisiesto comprendido dentro del término." Estando el mes de febrero del año 1964 comprendido dentro del término de tres años que tenían los querellantes a partir del 13 de mayo de 1961, fecha en que cesaron de prestar servicios, para radicar su reclamación la acción radicada el 13 de mayo de 1964 estaba en tiempo.

La moción del 11 de agosto de 1965 fue radicada amparándose en las disposiciones de la Regla 49.2 de las de Procedimiento Civil de 1958. Al resolverla estimamos "la misma como una moción para que se deje sin efecto la sentencia radicada ante el Tribunal Superior y como una solicitud a los fines de que este Tribunal conceda permiso al tribunal recurrido para que bajo la Regla 49.2 conceda un remedio que es inconsistente con el mandato remitido en 25 de marzo de 1965 y visto lo resuelto en *Escalera* v. *Andino*, 76 D.P.R. 268, se accede a lo solicitado y se autoriza al Tribunal Superior, Sala de San Juan, para que considere en los méritos el planteamiento de dicha moción de 11 de agosto, la cual se desglosará y remitirá a dicho Tribunal para que se radique por la Secretaría con la misma fecha en que se presentó ante este Tribunal."

Considerada la cuestión por el Tribunal Superior, Sala de San Juan, con fecha 4 de marzo de 1966, concluyó que tomando en consideración la norma establecida en *Escalera* la querella fue radicada dentro del término de tres años

establecido por la ley. Recurrió el patrono de esta resolución. Apunta varios fundamentos para atacar el poder del Tribunal Superior para dejar sin efecto nuestra sentencia de 11 de marzo de 1965. Todos son frívolos menos uno, pero la conclusión a que hemos llegado al efecto de cómo debe disponerse de este recurso hace innecesaria su consideración. Nos referimos al que levanta la cuestión de que habiéndose tramitado la acción por el procedimiento especial establecido por la Ley Núm. 2 de 17 de octubre de 1961, es incompatible la aplicación de la Regla 49.2 ([2]) en toda su extensión por

---

([2]) Dispone la Regla 49.2 de las de Procedimiento Civil de 1958:

"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

"(1) Error, inadvertencia, sorpresa, o negligencia excusable;

"(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

"(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

"(4) Nulidad de la sentencia;

"(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

"(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

"Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada; y (c) dejar sin efecto una sentencia por motivo de fraude al tribunal.

"Mientras esté pendiente una apelación de una sentencia, el tribunal apelado no podrá conceder ningún remedio bajo esta Regla 49.2, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta Regla 49.2 que sea inconsistente con el mandato, a menos que se obtenga

estar en conflicto con el carácter sumario del procedimiento para la reclamación de salarios. Es innecesario discutirlo ya que la resolución de 14 de diciembre de 1965 constituye la "ley del caso". En la referida resolución dispusimos de la moción radicada por los querellantes al amparo de la Regla 49.2 aplicada en toda su extensión. Al disponer de la misma admitimos su aplicabilidad y concedimos permiso para que el tribunal de instancia conociera de la moción, visto lo resuelto en *Escalera* v. *Andino,* supra, referente a cómo se computan los años cuando cae uno bisiesto dentro de un término. Esa resolución efectivamente constituye la "ley del caso". Es reconocida generalmente la norma de que las determinaciones de un tribunal apelativo constituyen la "ley del caso" en todas aquellas cuestiones consideradas y decididas y generalmente obligan tanto al tribunal de instancia como al que las dictó si el caso vuelve a su consideración. Decimos generalmente, ya que se reconoce que "cuando un tribunal se convence de que la ley del caso establecida es errónea y que podría causar una grave injusticia, debe de tener el poder de aplicar una norma de derecho diferente con el propósito de resolver el caso que tiene ante su consideración en una forma justa." 1B Moore, *Federal Practice,* Secs. 404[1], 405 (2da. ed. 1965). Evidentemente esa no es la situación en este caso. Aquí la justicia es aplicar la "ley del caso". *Estado* v. *Ocean Park Development Corp.,* 79 D.P.R. 158, 173 (1956); *Tartak* v. *Tribl. de Distrito,* 74 D.P.R. 862–872 (1953); *Fernstein* v. *McGuire,* 312 S.W.2d 20 (Mo. 1958); *Hall* v. *First Nat. Bank of Atlanta,* 81 S.E.2d 522 (Ga. 1954); *Chamberlain Co.* v. *Allis-Chalmers Mfg. Co.,* 170 P.2d 85 (Cal. 1946). En *City of Hastings* v. *Foxworthy,* 63 N.W.

---

previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado, y si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación en solicitud del referido permiso."

955 (Neb. 1895), se hace un relato del desarrollo histórico de la doctrina. Ver además el estudio que aparece en 1B Moore, *Federal Practice*, supra, y que comienza en la pág. 401, *Law of the Case*, 5 Stan. L. Rev. 751 (1953). La doctrina de la "ley del caso" es una manifestación necesaria y conveniente del principio reconocido de que las adjudicaciones deben tener fin.

*Procede por lo expuesto anular el auto expedido y devolver el caso para la vista de la querella.*