EL PUEBLO DE PUERTO RICO, apelado, *v.* AURELIO LEBRÓN LEBRÓN, acusado y apelante.

*Número:* CR-87-7      *Resuelto:* 29 de abril de 1988

Roberto M. Miranda, abogado del apelante; Ricardo E. Alegría Pons, Procurador General Auxiliar, abogado de El Pueblo.

PER CURIAM: La correcta comprensión de la decisión que emitimos en el presente recurso de apelación hace necesario que adoptemos por referencia, en lo pertinente, los hechos que surgen de la opinión y sentencia que emitiera este Tribunal en *Pueblo v. Lebrón Lebrón*, 116 D.P.R. 855 (1986).

Contra el apelante Aurelio Lebrón Lebrón el Ministerio Fiscal radicó denuncias por tres (3) casos de asesinato en primer grado, tres (3) cargos de tentativa de asesinato, dos (2) violaciones a la Ley de Armas de Puerto Rico y por una infracción al Art. 168 del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4274. Luego de radicadas y juramentadas las denuncias, el apelante, como resultado de un examen psiquiátrico realizado a petición del Ministerio Público, fue declarado —conforme lo establecido en la Regla 240(d) de Procedimiento Criminal, 34 L.P.R.A. Ap. II— no procesable. Posteriormente, luego de una nueva vista, fue encontrado procesable. Se devolvió el caso al tribunal de distrito para la celebración de la vista preliminar correspondiente. Señalada finalmente dicha vista, el apelante, en cumplimiento de lo dispuesto por la Regla 74 de Procedimiento Criminal, 34 L.P.R.A. Ap. II —y conforme lo resuelto por este Tribunal en *Hernández Ortega v. Tribunal Superior*, 102 D.P.R. 765 (1974)— notificó la defensa de inimputabilidad por razón o defecto mental. El Tribunal de Distrito de Puerto Rico, Sección de Vistas Preliminares de Humacao, determinó la inexistencia de causa probable por razón de locura.

Inconforme, el Ministerio Público acudió en alzada al Tribunal Superior de Puerto Rico, Sala de Humacao, bajo las disposiciones de la Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Dicho foro determinó causa probable por los delitos imputados. Señalado el acto de lectura de las correspondientes acusaciones ante el Tribunal Superior, el apelante presentó moción de desestimación al amparo de lo

dispuesto por los incisos (f) y (p) de la Regla 64 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Alegó, en síntesis, que habiendo el tribunal de distrito, en vista preliminar, determinado que él se encontraba incapacitado mentalmente al momento de la comisión de los hechos, el fiscal estaba impedido de cuestionar dicha determinación en alzada ante el Tribunal Superior. La moción de desestimación fue declarada sin lugar.

Acudió, entonces, el apelante ante este Tribunal vía *certiorari*. Expedimos el auto y aceptamos la comparecencia como *amicus curiae* de la Sociedad para Asistencia Legal y de la Prof. Olga E. Resumil. Mediante la mencionada opinión y sentencia de 15 de enero de 1986 confirmamos la resolución emitida por el foro de instancia negándose a desestimar los pliegos acusatorios. Expresamos, en lo pertinente, en dicha ocasión:

> La norma establecida por el caso de *Hernández Ortega* v. *Tribunal Superior*, supra, al permitir que la defensa de locura pueda ser promovida en vista preliminar no tiene el propósito de convertir la vista preliminar en un juicio separado para litigar la capacidad mental de un imputado. Sólo persigue darle la oportunidad al imputado de que en una etapa temprana del proceso pueda establecer mediante prueba clara y convincente que no debe ser sometido a juicio porque era inimputable al momento de los hechos. Art. 30 del Código Penal, 33 L.P.R.A. sec. 3152. En los demás casos en que la prueba de la incapacidad no sea tan clara, o en que haya testimonios periciales contradictorios, el juez no tiene que ni debe adjudicar los méritos de la defensa para que el asunto se dilucide más ampliamente en una vista en su fondo.
>
> La posición del peticionario y de los *amici curiae* respecto a que la determinación de inexistencia de causa probable debe ser final no puede prevalecer. Hay varias razones que militan en su contra. La primera de ellas es que la Regla 24(c) de Procedimiento Criminal concede al Ministerio Público una segunda oportunidad para intentar obtener una determinación de causa probable, sin ninguna limitación. La segunda razón,

y tal vez la de más peso, es que en la mayoría de los casos no hay una línea divisoria claramente definida entre lo que es conducta normal y lo que es conducta anormal, lo que unido al factor de que en la vista preliminar no se presenta toda la prueba de los hechos, puede llevar a errores en la determinación sobre la incapacidad mental. A. Golstein, *The Insanity Defense*, New Haven, Yale University Press, 1967, pág. 35. En tercer lugar otorgarle finalidad a la determinación sobre incapacidad mental hecha en vista preliminar le impediría al imputado plantearla nuevamente en un juicio en su fondo cuando es declarada sin lugar en la vista preliminar.

A pesar de la falta de finalidad de estas determinaciones, la regla de *Hernández Ortega* v. *Tribunal Superior*, supra, cumple su propósito, porque la prueba presentada puede persuadir al Ministerio Público de la incapacidad mental del imputado y éste decidir que no debe proseguir adelante con los cargos.

El hecho de que las determinaciones de la vista preliminar no sean finales hace inaplicable la norma sobre impedimento colateral establecida en *Ashe* v. *Swenson*, supra. Este caso establece que cuando una controversia sobre un hecho esencial ha sido adjudicada por una sentencia final y válida, ese hecho no puede ser relitigado entre las mismas partes. La finalidad de la determinación es un requisito esencial para que aplique la norma sobre impedimento colateral. *Pueblo* v. *Lebrón Lebrón*, ante, págs. 860–861.

Habiéndose declarado sin lugar por este Tribunal dos (2) mociones de reconsideración radicadas por el apelante, se remitió el mandato al tribunal de instancia. El apelante renunció a su derecho a juicio por jurado. Celebrado el proceso correspondiente, el magistrado que presidió el mismo declaró al apelante culpable y convicto por tres (3) casos de homicidio voluntario, por tres (3) cargos de tentativa de homicidio, por dos (2) infracciones a la Ley de Armas de Puerto Rico, y por una infracción al Art. 168 del Código Penal, *supra*. El apelante fue sentenciado por dicho foro a cumplir —bajo la ley de sentencias suspendidas— penas ascendentes a quince (15) años de reclusión. En apelación le imputa al tri-

bunal de instancia la supuesta comisión de dos (2) errores, a saber:

a) Abusó de su discreción el Tribunal de Instancia al declarar de plano NO HA LUGAR a las dos mociones de desestimación presentadas por el apelante.

b) Entendiéndose que la actuación del Tribunal de Instancia, al declarar de plano NO HA LUGAR a las dos mociones de desestimación presentadas por el apelante, está predicada en que la Regla 24c de Procedimiento Criminal autoriza la vista preliminar en alzada, incurrió en error el Tribunal de Instancia al así entenderlo, dadas las circunstancias habidas en este caso.[1]

I

Como podemos notar, los transcritos señalamientos de error cuestionan la facultad del Ministerio Público para recurrir en alzada ante un juez del Tribunal Superior de Puerto Rico en revisión de la decisión de un magistrado de inferior categoría determinando, a nivel de vista preliminar, la inexistencia de causa probable por razón de locura; planteamiento que ya estuvo ante la consideración de este Tribunal en el recurso de *certiorari* que radicara el apelante y que fue resuelto en forma adversa a la posición que sustenta el mismo mediante la opinión y sentencia que emitiera este Tribunal en *Pueblo v. Lebrón Lebrón*, ante.

Ello plantea, de entrada, la interrogante sobre la procedencia de la aplicación en el campo penal de la doctrina conocida como "la ley del caso", doctrina que hemos considerado

[1] Procede que se señale que mediante moción de fecha 30 de marzo de 1987 el apelante le informó a este Tribunal que "a la luz de los señalamientos de error que ha presentado en su escrito de apelación, *se hace innecesario una exposición narrativa de la prueba, al igual que sería innecesario una transcripción parcial y/o total de la prueba que desfiló en el proceso*". (Énfasis suplido.)

En vista de ello, nos vemos impedidos de pasar juicio sobre la credibilidad que le merecieran al foro de instancia los testigos, tanto de cargo como de defensa, que declararon durante el juicio celebrado.

procedente aplicar en el pasado en el campo civil. Véanse: *Martínez v. Tribunal de Distrito*, 69 D.P.R. 552 (1949); *Srio. del Trabajo v. Tribunal Superior*, 95 D.P.R. 136 (1967); *Don Quixote Hotel v. Tribunal Superior*, 100 D.P.R. 19 (1971); *Sánchez Rodríguez v. López Jiménez*, 118 D.P.R. 701 (1987).

■ Dicha doctrina, sin embargo, no la hemos aplicado en forma rígida e inflexible aun en el campo civil. Hemos expresado que "las determinaciones de un tribunal apelativo constituyen la ley del caso en todas aquellas cuestiones consideradas y decididas y que dichas determinaciones *generalmente* obligan tanto al tribunal de instancia como al que las dictó si el caso vuelve a su consideración"; pero que si el tribunal apelativo "entiende que la ley del caso antes establecida *es errónea y puede causar una grave injusticia*", dicho foro "puede aplicar una norma de derecho diferente a fin de resolver en forma justa". (Énfasis suplido.) *Don Quixote Hotel v. Tribunal Superior*, ante, págs. 29–30.

## II

■ Realmente no existe fundamento jurídico válido alguno por el cual la doctrina de "la ley del caso" no deba ser igualmente aplicada en el campo penal. IV *Wharton's Criminal Procedure* Sec. 641, pág. 357 (1976); 12 *Cyclopedia of Federal Procedure* Sec. 51.177, pág. 652 (3ra ed. 1983); *People v. Shuey*, 533 P.2d 211 (1975); *State v. Halko*, 188 A.2d 100 (1962); *State v. Phillips*, 324 S.W.2d 693 (1959). Ahora bien, al igual que en el campo civil, dicha doctrina no debe ser aplicada cuando la misma nos lleva a resultados erróneos y/o injustos.

El apelante, aun cuando acepta y admite la procedencia de la aplicación al campo penal de la referida doctrina, argumenta que debemos dejar sin efecto *la norma* establecida en *Pueblo v. Lebrón Lebrón*, ante, por cuanto la misma es "claramente errónea y produce una injusticia manifiesta". No

estamos de acuerdo. Resulta, inclusive, a nuestro entender, innecesario en estos momentos aducir razones adicionales en apoyo de dicha norma. Nos remitimos a los certeros fundamentos expresados en el caso de *Pueblo v. Lebrón Lebrón*, ante, por el entonces Juez Asociado de este Tribunal, Honorable Carlos J. Irizarry Yunqué en apoyo de la misma.

En síntesis, resolvemos que la doctrina sobre "la ley del caso" —tal y como ha sido expuesta en el pasado por este Tribunal— es de aplicación en nuestra jurisdicción tanto en el campo civil como en el penal. Por otro lado, ratificamos plenamente en el día de hoy *la norma* implantada en *Pueblo v. Lebrón Lebrón*, ante, a los efectos de que una determinación de inexistencia de causa probable a nivel de vista preliminar, por razón de inimputabilidad por defecto mental al momento de la comisión de los hechos, no impide que el Ministerio Fiscal acuda en alzada ante un juez del Tribunal Superior en revisión de dicha determinación al amparo de las disposiciones de la Regla 24(c) de Procedimiento Criminal, *supra*.

### III

Habiendo ya sido planteado por el apelante en un recurso anterior —y correctamente resuelta por este Tribunal— la cuestión central formulada en la presente apelación; no planteando este recurso cuestión nueva adicional alguna, y no habiéndose demostrado que la aplicación de la doctrina de "la ley del caso" al presente recurso de apelación cause que incurramos en una "grave injusticia", procede la confirmación de las sentencias apeladas.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Alonso Alonso concurre con el resultado sin opinión escrita. El Juez Presidente Señor Pons Núñez no intervino.