# 2003 DTA 134

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
### PANEL I

ORIENTAL BANK & TRUST
Apelado

v.

ANA HILDA REYES
Apelante

Núm. KLAN-02-01106

San Juan, Puerto Rico, a 22 de agosto de 2003

Panel integrado por su Presidenta, la Juez Pesante Martínez,
y los Jueces Rodríguez García y Salas Soler

Pesante Martínez, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante esta Curia la apelante, Ana Hilda Reyes, en el interés de obtener la revocación de una sentencia emitida en reconsideración por el Tribunal de Primera Instancia, Sala Superior de Humacao. Mediante dicha sentencia se declaró Con Lugar una demanda sobre Sentencia Declaratoria presentada por Oriental Bank and Trust (en adelante *"OBT"*), condenando a la apelante al pago de una deuda y a su vez dejando sin efecto una sentencia emitida por este Tribunal en la cual se dispuso que ésta no adeudaba cantidad alguna a OBT.

Luego de evaluar detenidamente el expediente ante nuestra consideración, confirmamos la sentencia apelada.

### I

Los hechos del pleito que nos ocupa se remontan al 1985, cuando el Tribunal de Primera Instancia dictó sentencia en rebeldía en el caso CS85-0361 contra la apelante y Miguel A. Pérez Berríos. Estos, estando casados, habían tomado un préstamo del Oriental Federal Savings Bank, ahora Oriental Bank and Trust (*"OBT"*). El préstamo fue garantizado con una hipoteca sobre un inmueble que le pertenecía privativamente a Ana Hilda Reyes Martínez. No obstante, las partes consignaron que se trataba de una obligación solidaria de ambos.

Luego de haberse divorciado en 1984 y antes de mudarse fuera del país, la señora Reyes Martínez arrendó el inmueble por el término de un año. La apelante convino con el arrendatario en que éste efectuaría los pagos correspondientes a la hipoteca, directamente a OBT. Además, pagaría una suma adicional por concepto de contribuciones sobre la propiedad.

Ante la falta de pago del préstamo, OBT presentó demanda sobre cobro de dinero y ejecución de hipoteca contra Miguel A. Pérez Berríos y Ana Hilda Reyes Martínez, que a ese momento ya se habían divorciado. El préstamo tenía un atraso de quince (15) mensualidades, más intereses y recargos. El balance adeudado ascendía a la cantidad de $23,507.20, más $2,200.00 estipulados para honorarios de abogado.

El tribunal de instancia dictó sentencia contra ambos, condenándolos a pagar a OBT la suma de $20,446.68, en adición a otras cantidades accesorias. Además, se dispuso la ejecución de la hipoteca constituida sobre la propiedad.

Así las cosas, en 1986, OBT ejecutó la referida sentencia. Obtuvo la propiedad como pago del préstamo y vendió la misma a un tercero por la cantidad de $50,000.00.

En el caso reseñado, el emplazamiento de Miguel Pérez fue personal y se dictó contra éste sentencia que advino final y firme. De otra manera, Ana Hilda Reyes fue emplazada por edicto.

Desconociendo lo que estaba ocurriendo, la apelante regresó a Puerto Rico y no pudo localizar a su arrendatario. Otra persona estaba ocupando el inmueble. Al inquirir al respecto, fue referida a la representación legal de OBT, sin que pudiese obtener información sobre lo ocurrido.

En 1987, la aquí apelante instó demanda contra OBT (HAC-87-1466), alegando la nulidad de los procedimientos que culminaron con la ejecución de su propiedad. Reclamó la reivindicación de la misma y resarcimiento por los daños sufridos. ■ Luego de varios trámites que condujeron el pleito hasta el Tribunal Supremo en 1993, los procedimientos seguidos para emplazar a la señora Reyes Martínez fueron declarados nulos. ■ Ello debido a que la declaración jurada negativa del alguacil del Tribunal que gestionó el emplazamiento no estaba ante el Juez al momento de autorizar el emplazamiento por edicto.

Determinada la ilegalidad de las actuaciones de OBT en la ejecución de la hipoteca (HAC-87-1466), el caso fue devuelto al Tribunal al Tribunal de Primera Instancia.

Miguel Pérez no fue parte de esta reclamación, dado que contra éste existía una sentencia que había advenido final y firme, la cual no fue impugnada.

Así las cosas, OBT presentó una moción al amparo de la Regla 51.7 de Procedimiento Civil con el propósito de que se hiciera responsable por solidaridad a Ana Hilda Reyes de la sentencia dictada en el caso CS85-0361, válida con respecto al co-deudor solidario Miguel Pérez.

Celebrada una vista a tenor con la citada regla, el Tribunal de Primera Instancia emitió sentencia encontrando a Ana Hilda Reyes solidariamente responsable de la sentencia dictada en el caso CS85-361.

Insatisfecha, la apelante acudió ante esta Curia, que confirmó la sentencia emitida por el foro de instancia, haciendo el siguiente pronunciamiento:

*"Tomando en consideración la jurisprudencia arriba citada, debemos concluir que la sentencia dictada en cuanto a Ana Hilda Reyes era nula e ineficaz, ya que el tribunal nunca adquirió jurisdicción sobre ella. Si la sentencia era nula, ésta no se podía ejecutar, por lo que la venta en pública subasta del inmueble hipotecado, el cual pertenecía privativamente a Ana Hilda Martínez, se convierte también en una nula e ineficaz. Por consiguiente, llegamos a la conclusión de que el cobro no fue legal, por lo que la deuda no ha sido pagada.*

*Por lo tanto, concluimos que actuó correctamente el tribunal de instancia al resolver la aplicabilidad, a los hechos de este caso la Regla 51.7 de las de Procedimiento Civil y al concluir que la deuda todavía no ha sido pagada, ya que el cobro de ésta no había sido legal."*

Posteriormente Ana Hilda Reyes presentó un recurso de *Certiorari* ante el Tribunal Supremo, siendo declarado No Ha Lugar.

Teniendo a su favor una sentencia en contra de Ana Hilda Reyes, OBT decidió no ejecutar la misma con el objetivo de utilizarla como compensación en el caso de daños y perjuicios instado por la apelante. Este caso se encontraba pendiente de vista.

Celebrada la vista, el Tribunal de Primera Instancia aceptó la compensación por medio de la sentencia de cobro de dinero obtenida por OBT contra Ana Hilda Reyes. Mediante sentencia enmendada, el foro de instancia dispuso que surgía un balance en la suma de $28,159.56 a ser pagados por OBT a Ana Hilda Reyes Martínez.

Luego de varios incidentes procesales, tanto Ana Hilda Reyes como OBT acudieron ante este Foro. En aras de la economía procesal, los recursos presentados ante un panel hermano fueron consolidados. Inicialmente, el dictamen del tribunal de instancia fue confirmado. Posteriormente, mediante sentencia enmendada, este Tribunal resolvió que OBT no podía utilizar la sentencia obtenida a su favor en el caso CS85-0361 en concepto de compensación, debido a que Ana Hilda Reyes nada les adeudaba.

Un panel hermano reconoció que con anterioridad otro panel había emitido un dictamen en el cual se estableció que la señora Reyes Martínez era deudora solidaria y que la deuda no había sido pagada. Ello en virtud de la ilegalidad del cobro. Aludiendo a que, de ordinario, ese dictamen hubiese constituido la *ley del caso*, este Foro indicó que dicha doctrina es de aplicación discrecional y la misma no pretende limitar las facultades de un tribunal para impartir justicia. Siendo ello así, se negó a aplicar la referida doctrina para evitar un fracaso de la justicia.

Cónsono con lo anterior, se le ordenó a OBT pagarle a la aquí apelante la cantidad de $62,412.35 correspondiente al valor del segundo nivel de la propiedad ilegalmente ejecutada; $25,000.00 por concepto del valor del terreno de acuerdo a la tasación preparada por un perito; la suma de $12,000.00 por concepto de los

frutos civiles dejados de percibir; y $15,000.00 por concepto de honorarios de abogado. Ello en adición a los intereses que generaran las primeras dos sumas impuestas, a razón de un 9.25% de interés. Al 5 de abril de 2002, la suma adeudada por OBT a la apelante ascendía a $249,092.48.

Así las cosas, OBT procedió a consignar la cantidad de $150,000.00 en el tribunal mediante un cheque a nombre del Secretario del Tribunal y en beneficio de Ana H. Reyes. OBT propuso hacer una consignación parcial y litigar la diferencia entre la cantidad consignada y la sentencia emitida.

Ana Hilda Reyes Martínez, a través de su representación legal, retiró los fondos consignados a su favor. Aceptó dichos fondos como pago parcial de la sentencia dictada en el caso. Posteriormente solicitó la ejecución de la sentencia para obtener el restante de la cantidad le adeudaba OBT, además de los intereses generados.

En esta ocasión, por estar inconforme con la sentencia dictada por este Foro, OBT acudió ante el Tribunal Supremo, que denegó la expedición del auto de *certiorari* solicitado.

De esta manera coexistieron dos sentencias emitidas por este Tribunal mediante las cuales se estableció por un lado, que Ana Hilda Reyes era deudora solidaria respecto a la sentencia dictada a favor de la institución financiara, y de otra parte, que la susodicha deuda a favor de OBT no existía.

Ante esa contradicción, OBT instó demanda sobre sentencia declaratoria en la cual solicitó al Tribunal de Primera Instancia que determinara la validez de la sentencia dictada en 1985 ■ y que se permitiera la utilización de la misma como compensación en el pleito instado por la apelante.

Aludiendo a que los expedientes no tienen derecho a la vida eterna en los tribunales y que la sentencia dictada debía resultar en la *"sepultura judicial"* del caso, el Tribunal de Primera Instancia declaró No Ha Lugar el reclamo de OBT.

Oportunamente, la entidad financiera solicitó la reconsideración del dictamen. Acogiendo la moción presentada, el foro apelado emitió sentencia en reconsideración, mediante la cual dispuso que no era de aplicación la doctrina de la *Ley del Caso* por cuanto la misma trata de un Tribunal alterando doctrinas y decisiones previas dentro de un mismo caso. De otra manera, indicó que la doctrina aplicable a los hechos procesales que nos ocupa, era la de cosa juzgada. A la luz de los postulados de dicha doctrina, encontró que este Tribunal no tenía autoridad para dejar sin efecto la sentencia del caso CS85-361, la cual previamente había confirmado, estableciendo la deuda de Ana Hilda Reyes Martínez para con OBT.

En su consecuencia, declaró Ha Lugar la sentencia declaratoria, impartiendo validez y vigencia a la sentencia dictada al amparo de la Regla 51.7 y autorizando la utilización de la misma para compensar la sentencia emitida en el caso HAC-87-1466.

Insatisfecha, la apelante acudió ante esta Curia mediante el recurso de epígrafe. Solicitó además, la celebración de una vista oral, a lo cual accedimos, celebrándose la misma el 21 de febrero de 2003.

Contando con el beneficio de la comparencia de las partes de epígrafe, procedemos a evaluar en los méritos el recurso ante nuestra consideración.

## II

En el caso de autos, el Tribunal de Circuito de Apelaciones emitió dos sentencias distintas. En una de ellas dispuso que en atención a lo establecido en la Regla 51.7, Ana H. Reyes Martínez era deudora solidaria respecto a la sentencia dictada válidamente contra Miguel Pérez. Posteriormente, este Tribunal resolvió que en virtud de la cancelación del préstamo hipotecario como parte de los procedimientos de ejecución de hipoteca realizados por

OBT, la deuda dejó de existir. Dicho de otra manera, este Tribunal dispuso que Ana H. Reyes Martínez no adeudaba cantidad alguna a OBT. ■

La incongruencia entre ambas sentencias resulta ostensible. El Tribunal Supremo denegó la expedición del auto de *certiorari* presentado por OBT. Ante la inconsistencia habida entre los dictámenes de este Tribunal y la denegatoria del Tribunal Supremo a expedir el auto de *certiorari* para resolver la misma, OBT eligió acudir ante el Tribunal de Primera Instancia. Utilizó el vehículo procesal que intituló sentencia declaratoria, con el propósito de que se determinara cuál de las dos sentencias emitidas por este Foro tenía que acatar.

El asunto que hoy nos concierne presenta una situación novel a nivel procesal que, a nuestro juicio, no ha sido contemplada por nuestro ordenamiento jurídico.

Ante la falta de un mecanismo que atienda directamente la inconsistencia jurídica creada por las dos sentencias y el hecho incontrovertido de que se tomó un préstamo que no se pagó, OBT optó por la alternativa práctica de recurrir ante el Tribunal de Primera Instancia para que determinase cuál de las sentencias debía cumplir. No detectamos error al así proceder.

### III

De otra manera, Ana Hilda Reyes Martínez arguyó que la sentencia declaratoria fue utilizada por OBT como un mecanismo para lograr que el Tribunal de Primera Instancia revocara la determinación de un tribunal de mayor jerarquía. Ello con la intención de que se reiterara la sentencia emitida por el foro de instancia mediante la cual, por vía de la Regla 51.7 de las de Procedimiento Civil, se encontró a la apelante deudora solidaria de la sentencia dictada en 1985. Discrepamos del referido razonamiento.

De entrada, queremos reiterar que un tribunal de menor jerarquía no puede revocar a un tribunal de mayor jerarquía. En el caso de marras, no nos encontramos ante tal situación.

Como parte del tracto procesal ante nuestra consideración, que ha tenido una duración de aproximadamente 18 años, se emitió una sentencia en la cual se determinó que Ana Hilda Reyes Martínez era deudora solidaria por un dictamen anterior. Esta determinación fue confirmada por este Tribunal y el Tribunal Supremo se negó a revisar al optar por no expedir el auto de *certiorari* solicitado por la parte perdidosa. Al finalizar estos incidentes procesales, quedó adjudicado de manera final que Ana H. Reyes Martínez adeudaba a OBT y no había satisfecho la deuda.

Así las cosas, continuaron los procedimientos y el tribunal apelado resolvió que OBT tenía que resarcir en daños a Ana H. Reyes Martínez por haberla despojado de su propiedad ilegalmente. Inconforme con la cuantía impuesta y aludiendo a la deuda existente por no haberse pagado el préstamo, OBT recurrió ante este Tribunal. A los efectos de evitar un fracaso de la justicia, este Tribunal se apartó de la doctrina de la *"Ley del Caso"* ■ y dispuso que al cancelarse el préstamo hipotecario en el procedimiento inicial, se había cancelado la deuda que tenía Ana Hilda Reyes Martínez para con OBT. El Tribunal Supremo denegó la expedición del recurso de *certiorari* presentado para revisar esta determinación.

Habida cuenta del planteamiento esbozado por OBT a los efectos de que este Foro había declarado inexistente una deuda que previamente había reconocido, el Tribunal de Primera Instancia procedió correctamente a evaluar el cuadro fáctico y tracto procesal del pleito. De acuerdo al análisis realizado, concluyó que procedía declarar la validez de la sentencia dictada el 1ro de octubre de 1985, aplicada a Ana H. Reyes Martínez en virtud de la Regla 51.7 de las de Procedimiento Civil, *supra*. Al así actuar, lo que en realidad debió resolver fue que la sentencia emitida posteriormente, no es válida, por cuanto debió aplicarse la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia. Ello en virtud del hecho adjudicado de que la deuda aún existe.

Nuestro ordenamiento jurídico establece que para que la doctrina de cosa juzgada proceda en derecho, es necesario que entre ambos casos exista la más perfecta identidad entre las cosas, causas, personas de los litigantes y la calidad en que comparecieron. Art. 1204 de Código Civil, 31 L.P.R.A. §3343.

La doctrina de cosa juzgada tiene como principio fundamental, no permitir que se someta a un ciudadano en más de una ocasión a relitigar la misma causa. *Vázquez v. A.R.P.E.,* 128 D.P.R. 513, 535 (1991); *Rodríguez Rodríguez v. Colberg Comas*, 131 D.P.R. 212, 219 (1992).

La doctrina de impedimento colateral por sentencia es una modalidad de la cosa juzgada. Esta doctrina aplica cuando un hecho esencial de una reclamación se ha dilucidado y adjudicado mediante sentencia final y firme, y es concluyente en un segundo pleito entre las mismas partes, aunque sea en causas de acciones distintas. *Sahar Fatach v. S.S.S.,* __ D.P.R. __ (1999), **99 J.T.S. 46**, opinión de 25 de marzo de 1999.

A diferencia de la doctrina de cosa juzgada, la modalidad de impedimento colateral por sentencia contempla que una sentencia anterior es concluyente tan sólo en cuanto a aquellas materias que de hecho se suscitaran y verdaderamente y por necesidad se litigaran y adjudicaran, mas no en cuanto a aquellas materias que pudieron ser pero que no fueron litigadas y adjudicadas en la acción anterior. *Capó Sánchez v. Secretario de Hacienda*, 92 D.P.R. 837, 838-39 (1965); *Pereira v. Hernández*, 83 D.P.R. 160, 166 (1961); *Millán v. Caribe Motors Corp.,* 83 D.P.R. 494, 506-507 (1961). No existiendo total y perfectamente las identidades requeridas para la aplicación de la doctrina de cosa juzgada, puede invocarse la doctrina de impedimento colateral por sentencia, que recluye toda litigación posterior entre las mismas partes de puntos debatidos y resueltos por sentencia firme válida. *Schneider v. Colegio de Abogados de P.R.,* 670 F. Supp. 1098 (1987).

La diferencia entre ambas es que la aplicación de la doctrina de impedimento colateral no depende de que se configure el requisito de identidad de causas, que sí es indispensable para la aplicación de la doctrina de cosa juzgada. *Worlwide Food Distributors, Inc. v. Colón Bermúdez*, 133 D.P.R. 827 (1993).

Encontramos que el Tribunal de Primera Instancia no se constituyó en un tribunal de mayor jerarquía como tampoco abusó de su discreción al sostener la validez de la sentencia emitida el 1 de octubre de 1985.

## IV

Como última consideración, recalcamos que la deuda contraída por la apelante aún subsiste. De otra manera, el Tribunal de Primera Instancia actuó correctamente al reiterar la validez de la sentencia aplicada a Ana Hilda Reyes Martínez en virtud de la Regla 51.7, *supra*. Veamos.

Es sabido que al declararse la nulidad de los procedimientos, todo revierte al estado en que se encontraba previo a que se realizaran los mismos.

En el caso de autos, Ana Hilda Reyes Martínez ██ tomó un préstamo a OBT. El mismo fue garantizado con un inmueble. Ante la falta de pago de dicho préstamo, OBT acudió al tribunal para recobrar el dinero del préstamo y ejecutar la garantía hipotecaria, obteniendo sentencia a su favor. La hipoteca fue ejecutada y la propiedad fue vendida a un tercero por $50,000.00.

A la fecha de la ejecución, la deuda ascendía a unos $25,000.00. Mediante dicho procedimiento, OBT cobró la suma que le adeudaba la apelante. Por tanto, se canceló el préstamo hipotecario que existía a favor de la institución financiera.

Posteriormente y en atención a defectos en el emplazamiento, el Tribunal Supremo declaró la ilegalidad de los procedimientos seguidos respecto a Ana H. Reyes Martínez.

Al declararse nula la ejecución hipotecaria, OBT tiene que devolver la propiedad ejecutada o de otra manera, el pago recibido. En vista de que la misma fue vendida a un tercero, procedía que OBT sustituyera la devolución de la propiedad con la compensación en daños y perjuicios causados por la ejecución ilegal.

Surge de los autos que OBT hizo una consignación parcial como compensación en la acción de daños y perjuicios instada por la apelante, por la suma de $150,000.00. También se desprende de los documentos habidos en el recurso ante nos, que dicha cantidad fue retirada por la representación legal de la apelante. Siendo ello así, forzoso es concluir que se devolvieron las prestaciones.

Al retirar el dinero consignado, Ana Hilda Reyes Martínez obtuvo el valor de la propiedad ejecutada, quedando por dilucidar la cuantía restante que se le adjudicaría de la compensación de los daños adjudicados previamente, dependiendo de la determinación de la vigencia o no de la deuda.

Cabe notar que al declararse la nulidad de los procedimientos y OBT devolver el *"pago"* recibido, la cancelación de la deuda quedó sin efecto. Es decir, el préstamo que Ana Hilda Reyes Martínez tomó no ha sido pagado.

Es un hecho incontrovertido que el préstamo no se pagó. Al devolverse a la apelante el valor cobrado por concepto de la deuda, se restableció el incumplimiento del préstamo. Por tanto, forzoso nos resulta concluir que la señora Reyes Martínez adeuda dicho préstamo, además de los intereses que éste haya generado.

Habida cuenta de lo anterior, confirmamos la sentencia dictada por el Tribunal de Primera Instancia a los efectos de establecer que la sentencia dictada en 1985, aplicada a la apelante vía la Regla 51.7 de Procedimiento Civil, *supra*, está vigente.

El Juez Rodríguez García disiente por entender que el Banco cobró su deuda.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

### ESCOLIOS 2003 DTA 134

**1.** A su vez, OBT presentó reconvención en la cual esencialmente reprodujo las alegaciones contenidas en su demanda original.

**2.** *Ana Hilda Reyes v. Oriental*, 133 D.P.R. 15 (1993).

**3.** En la referida sentencia se declaró a Ana Hilda Reyes Martínez deudora solidaria a tenor con la Regla 51.7 de las de Procedimiento Civil, 32 L.P.R.A. Ap. II, R. 51.

**4.** Somos de la opinión que al emitir Sentencia Enmendada resolviendo la cuestión planteada, este Foro desconocía la consignación realizada por OBT y su subsiguiente retiro por parte de la apelante.

**5.** La doctrina de la *"Ley del Caso"* es una manifestación necesaria conveniente del principio reconocido de que las adjudicaciones deben tener fin. *Srio. del Trabajo v. Tribunal Superior*, 95 D.P.R. 136 (1967). Es reconocida generalmente la norma de que las determinaciones de un tribunal apelativo constituyen la *"ley del caso"* en todas aquellas cuestiones consideradas y decididas, pues generalmente obligan tanto al tribunal de instancia como al que las dictó si el caso vuelve a su consideración. *Id.* Se dice generalmente, ya que se reconoce que cuando un tribunal se convence de que la ley del caso establecida es errónea y que podría causar una grave injusticia, debe de tener el poder de aplicar una norma de derecho diferente con el propósito de resolver el caso que tiene ante su consideración en una forma justa. *Id.*

Es doctrina reiterada en nuestro sistema de Derecho que los derechos y obligaciones adjudicados en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso. *Management Adm. Ser., Corp. v. E.L.A.*, ___ D.P.R. ___ (2000), **2000 J.T.S. 189**, opinión de 29 de noviembre de 2000; *In re: Tormos Blandino*, 135 D.P.R. 573 (1994), citando a *U.S.I. Properties Inc. v. Registrador*, 124 D.P.R. 448 (1989). Dicho de otra manera, de ordinario, los planteamientos que han sido objeto de adjudicación por el foro de instancia y/o por este Tribunal no pueden reexaminarse. Esos derechos y responsabilidades gozan de las características de finalidad y firmeza con arreglo a la doctrina de la *"Ley del Caso"*. *Management Adm. Ser., Corp. v. E.L.A., supra; Vélez v. Serv. Legales de P.R., Inc.*, 144 D.P.R. 673 (1998), citando a *Sánchez Rodríguez v. López Jiménez*, 118 D.P.R. 701, 704 (1987).

En *Srio. del Trabajo v. Tribunal Superior, supra*, el Tribunal Supremo describió la doctrina señalando:

*"Es reconocida generalmente la norma de que las determinaciones de un tribunal apelativo constituyen la 'ley del caso' en todas aquellas cuestiones consideradas y decididas y generalmente obligan tanto al tribunal de instancia como al que las dictó si el caso vuelve a su consideración. Decimos generalmente, ya que se reconoce que 'cuando un tribunal se convence de que la ley del caso establecida es errónea y que podría causar una grave injusticia, debe tener el poder de aplicar una norma de derecho diferente con el propósito de resolver el caso que tiene ante su consideración en una forma justa'."* 1B Moore, Federal Practice, Secs. 404[1], 405 (2da. ed. 1965). Véase, además, *Don Quixote Hotel v. Tribunal Superior*, 100 D.P.R. 19, 29-30 (1971).

Es principio conocido que el mandato es el medio oficial que posee un tribunal apelativo para comunicar a un tribunal inferior la disposición de la sentencia objeto de revisión y para ordenarle el cumplimiento de lo acordado. *Pueblo v. Tribunal de Distrito*, 97 D.P.R. 241 (1969); *Graniela v. Yolande, Inc.*, 65 D.P.R. 705 (1946). Remitido el mandato al tribunal *a quo*, éste readquiere jurisdicción sobre el caso a los únicos fines de ejecutar la sentencia, tal como fue emitida. Bajo estas circunstancias, el Tribunal de Primera Instancia no está facultado para abrir nuevamente el caso, ni para reconsiderar o sustituir el mandato que le fue remitido. *Melón Hnos. & Co. v. R. Muñiz, etc. y Villamil, Int.*, 56 D.P.R. 761 (1940). El Tribunal de Primera Instancia debe limitarse a cumplir con lo ordenado y lo que haya resuelto el tribunal apelativo constituye, para todos los efectos, la *"ley del caso"*. *Pan American v. Tribunal Superior*, 97 D.P.R. 447, 451 (1969); *Fiddler v. Tribunal Contribuciones*, 68 D.P.R. 847, 851 (1948).

Es decir, las determinaciones de un tribunal apelativo constituyen la *"ley del caso"* en todas aquellas cuestiones consideradas y decididas. *Pueblo v. Lebrón Lebrón*, 121 D.P.R. 154, 159 (1988); *Candelaria v. Mun. de Ceiba*, 114 D.P.R. 155, 157 (1983); *Serrallés v. Sancho Bonet*, 55 D.P.R. 142, 143 (1939). En todo caso, sería el propio tribunal apelativo el llamado a aplicar una norma de derecho diferente, sí *"entiende que la ley del caso antes establecida es errónea y puede causar una grave injusticia"*. *Pueblo v. Lebrón Lebrón, supra*, a la pág. 159. Después de todo, el Tribunal Supremo ha resuelto en forma reiterada que la doctrina del caso es una al servicio de la justicia, no de la injusticia. *Management Administration Ser., Corp. v. E.L.A., supra*.

**6.** Junto a Miguel Pérez.