Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| JUAN MIGUEL ROMÁN ROMÁN Recurrente  v.  JUNTA DE LIBERTAD BAJO PALABRA Recurrida | KLRA202400065 | *Revisión Judicial* procedente de la Junta de Libertad Bajo Palabra  Caso Núm. 146689  Sobre: No concesión del privilegio de Libertad Bajo Palabra – volver a considerar |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de abril de 2024.

Comparece el señor Juan Miguel Román Román (señor Román Román o recurrente), miembro de la población correccional, a través de un recurso de revisión judicial, solicitando que revoquemos una *Resolución* emitida por la Junta de Libertad Bajo Palabra (JLBP o recurrida), el 15 de diciembre de 2023.[1] Mediante la referida determinación, la JLBP decidió no concederle el privilegio de libertad bajo palabra al recurrente porque, entre otras razones, tenía que ser sometido a una evaluación siquiátrica.

Sin embargo, entre los señalamientos de error que el recurrente alzó ante nosotros, aseveró que la JLBP contaba con la referida evaluación siquiátrica en su expediente administrativo al momento de la denegatoria de la libertad condicional, y este Tribunal de Apelaciones ya

---

[1] Notificada el 9 de enero de 2024.

NÚMERO IDENTIFICADOR

SEN2024_____

había intervenido anteriormente en el mismo asunto, ordenando precisamente que el foro administrativo sopesara tal evaluación.

Respecto a lo cual, la Oficina del Procurador General, en representación de la JLBP, reconoce que tal error fue cometido por el foro administrativo, por lo que nos solicita que ordenemos la devolución del caso para que se pondere la evaluación siquiátrica.

Adelantamos que hemos decidido revocar la *Resolución* recurrida, a los fines de devolver nuevamente el asunto a la JLBP para que, sin dilación, evalúe nuevamente al señor Román Román, tomando en consideración el informe siquiátrico aludido.

## I. Resumen del tracto procesal

Según intimamos en el párrafo introductorio, este Tribunal de Apelaciones previamente intervino en este caso, en una controversia casi idéntica, KLRA202300244, por lo que para fines del tracto procesal, nos referiremos solo a los asuntos estrictamente necesarios que sirvan para dilucidar la controversia presente.

El señor Román Román tiene sesenta y dos (62) años y el 18 de diciembre de 1997 fue sentenciado a cumplir una pena de reclusión de noventa y nueve años, tras ser encontrado culpable por el delito de asesinato, por hechos ocurridos el 20 de abril de 1996.

Como parte de los procesos ordinarios a los que son sometidos los confinados, el 7 de diciembre de 2022 se celebró una *Vista de Consideración* ante la Oficial Examinadora de la JLBP, para evaluar la posible concesión de libertad bajo palabra al señor Román Román. En consecuencia, el 21 de febrero de 2023, dicha Oficial Examinadora rindió un *Informe de Oficial Examinadora[2],* en el que no recomendó conceder el privilegio de libertad bajo palabra al recurrente, y que el caso volviera a ser considerado en diciembre de 2023.

---

[2] Según consta en la *Sentencia* emitida en el caso KLRA202300244. Apéndice 6 del recurso de revisión, pág. 130.

De conformidad con la recomendación aludida, el 3 de marzo de 2023, la JLBP emitió una *Resolución* denegándole al señor Román Román el privilegio de libertad bajo palabra y disponiendo que el caso fuera nuevamente considerado para diciembre de 2023. Dispuso, además, que para esta última fecha se contase con un *Informe de Ajuste y Progreso* actualizado, un plan de salida corroborado por el Negociado de Comunidad del DCR, así como evidencia de finalización de terapias contra adicción a sustancias controladas.

Posteriormente, el 15 de mayo de 2023,[3] la JLBP emitió una *Resolución Enmendada* a los efectos de consignar lo siguiente: "Para **diciembre de 2023** se ordena evaluación psiquiátrica por facultativo (psiquiatra) de Salud Correccional". (Énfasis en el original).

El señor Román Román no estuvo conforme con tal determinación y por eso presentó, el 26 de mayo de 2023, un recurso de revisión judicial ante este Foro Apelativo, que fue identificado con el alfanumérico KLRA202300244. En esencia, adujo que la JLBP debió posponer por sesenta días su determinación de denegar el privilegio de libertad bajo palabra, hasta tanto se le realizara la evaluación psiquiátrica mencionada. Más adelante, el 22 de junio de 2022, esta misma parte instó una *Moción sometiendo evaluación psiquiátri[c]a ordenada por la Junta de Libertad Bajo Palabra.[4]*

En respuesta, el 26 de junio de 2023, la JLBP, representada por la Oficina del Procurador General de Puerto Rico, presentó *Escrito en Cumplimiento de Resolución[5],* solicitando que se confirmara el dictamen recurrido, o en la alternativa, **se devolviera el caso a la JLBP para que**

---

[3] Notificada el 17 de mayo de 2023.
[4] Según consta en la *Sentencia* emitida en el caso KLRA202300244. Apéndice 6 del recurso de revisión, pág. 139.
[5] *Íd.*

**el recurrente fuera reevaluado, de acuerdo con la evaluación psiquiátrica**.[6]

Es así como, el 21 de julio de 2023, emitimos la *Sentencia* identificada con el alfanumérico KLRA202300244, revocando la *Resolución Enmendada* de la JLBP, y ordenando la devolución del caso al foro administrativo **"para que tomando en consideración la evaluación psiquiátrica, evalúe nuevamente al recurrente de forma integral e inmediata, sin tener que esperar al mes de diciembre de 2023"**.[7]

Entonces, ahora atendiendo los asuntos procesales acontecidos luego de emitida nuestra *Sentencia* de 21 julio de 2023, por causa de lo que allí decidimos, el 26 de septiembre de 2023 la Oficial Examinadora a cargo de la evaluación del recurrente rindió otro *Informe de Oficial Examinadora,* pero esta vez, recomendando que se le concediera el privilegio de libertad bajo palabra, sujeto al cumplimiento estricto de las condiciones establecidas en su *Mandato de libertad bajo palabra.*

Asimismo, el Técnico de Servicios Sociopenales asignado al recurrente también sometió el correspondiente *Informe de Ajuste y Progreso a la JLBP*. En resumen, allí se indicó que el señor Román Román: (1) no contaba con casos pendientes de resolver; (2) no cumplía por fuga ni delitos relacionados; (3) culminó las terapias de Negociado de Evaluación y Asesoramiento el 13 de septiembre de 2022; (4) no había sido objeto de querellas durante su periodo de reclusión; (5) se le realizó prueba toxicológica el día 24 de enero de 2023, la cual arrojó resultados negativos; (6) contaba con el apoyo total de su hija Tatiana Román Barreto, quien reside en el estado de la Florida y quien lo acogería en su hogar pues el plan de salida presentado es con ella; y (7) completó

---

[6] *Íd.*

[7] *Íd.,* en la pág. 153. Llamamos la atención al hecho de que la Juez presidente de Panel, Hon. G. Lebrón Nieves, emitió voto concurrente, por estar en desacuerdo con requerirle a la agencia que realizara la evaluación, previo a la fecha pautada para ello.

terapias del programa de trastornos adictivos en noviembre de 2005.[8] Además, el técnico de servicios sociopenales expresó que el señor Román Román había demostrado interés genuino en su proceso de rehabilitación, mostraba actitud positiva hacia su proceso de confinamiento, su plan de salida estaba estructurado en el área de hogar a residir, la oferta de empleo no era aplicable por este estar incapacitado y contar con 62 años de edad.[9] A lo que se une que, el 6 de octubre de 2023, se recomendó la concesión de libertad bajo palabra por medio de pacto interestatal de reciprocidad con supervisión electrónica en el estado de Florida por un periodo de tres años.[10]

Luego, el 19 de octubre de 2023, el Técnico de Servicios Sociopenales presentó a la JLBP otro informe, identificado como *Informe Previo al Mandato,* en el que hizo constar lo siguiente:

> El confinado en referencia continúa clasificado en custodia mínima desde el día 29 de marzo de 2002 por presentar buenos ajustes institucionales. Cumple satisfactoriamente con el plan institucional previamente asignado. Complet[ó] las Terapias el negociado de evaluación y asesoramiento el día 13 de septiembre de 2022. No cuenta con querellas administrativas pendientes ni casos pendientes. Se muestra educado, cooperador en y durante los procesos de entrevista en el área socio penal. El día 24 de enero de 2023 se le practicó prueba toxicológica la cual arroj[ó] resultados negativos además el día 17 de octubre de 2023 se le practicó nuevamente prueba toxicológica arrojando nuevamente resultados negativos (muestra de que no hace uso de sustancias controladas). Cuenta con el apoyo total de su hija Tatiana Román Barreto quien reside en el Estado de la Florida y es la persona que lo acogerá en su hogar.[11]

Entonces, el 15 de diciembre de 2023,[12] luego de la JLBP sopesar lo anterior, emitió *Resolución* en la que determinó no concederle el privilegio de libertad bajo palabra al recurrente. En la referida *Resolución* la JLBP enumeró las siguientes determinaciones de hechos:

---

[8] Anejo 8 del recurso de revisión, pág. 159-160.
[9] *Íd.,* en la pág. 160.
[10] Anejo 10 del recurso de revisión, pág. 166.
[11] Anejo 11 del recurso de revisión, pág. 167.
[12] Notificada el 22 de diciembre de 2023.

1. Al momento de la evaluación del expediente, surge que la parte de epígrafe no cuenta casos ante los tribunales, denuncias o querellas institucionales pendientes.
2. El peticionario se encuentra clasificado en custodia mínima desde el 28 de marzo de 2018, conforme se desprende de su expediente.
3. Al peticionario le fue realizada la toma de muestra de ADN el 8 de junio de 2015, conforme a la Ley 175-1998.
4. El peticionario es primer ofensor.
5. Culminó terapias de Trastornos Adictivos en el 2005, Taller de Crecimiento el 18 de noviembre de 2005, Crecimiento Psicosocial y Espiritual el 8 de marzo de 2012 y Salud Vital el 25 de febrero de 2013.
6. El peticionario culminó las terapias psicológicas de la Sección del Programa de Evaluación y Asesoramiento (SPEA) el 13 de septiembre de 2022. Sin embargo, en consideración a que el delito cometido fue producto de un patrón abusivo de violencia doméstica contra la occisa, exacerbado por el abuso de bebidas alcohólicas, **solicitamos le sea realizada evaluación psiquiátrica en Salud Correccional del DCR.**
7. Del expediente del peticionario no surgió evidencia de que éste haya mostrado arrepentimiento del asesinato cometido. Este acto conlleva una introspección profunda sobre los hechos cometidos y nos muestra si el peticionario ha internalizado las consecuencias de su conducta delictiva, lo cual no se evidencia en este caso.
8. El peticionario cuenta con Informe de Ajuste emitido por el SPEA emitido el 12 de octubre de 2022.
9. La parte peticionaria propuso su libertad bajo palabra para el estado de Florida. Cuenta con carta de aceptación de dicho estado. El peticionario propone residir con su hija Tatiana Román.
10. El peticionario no propuso plan de salida en el área de oferta de empleo. Este no tiene que someter amigo consejero debido a que cuenta con más de sesenta (60) años.
11. Para efectos de un análisis de la totalidad del expediente, se evaluó la opinión de los perjudicados y víctimas, así como, la naturaleza y circunstancias de los delitos por los cuales cumple sentencia el peticionario.
12. El peticionario demuestra poca introspección por los hechos cometidos en presencia de su hija menor de edad que causaron la muerte de su esposa.
13. Surge del expediente que éste nunca cumplió con su deber de proveer alimentos cuando su hija era menor de edad.

(Énfasis provisto).

Habiendo así decidido, el foro administrativo dispuso que el caso se volvería a considerar en diciembre de 2024, fecha para la cual requirió lo siguiente: (1) Informe de Ajuste y progreso actualizado; (2) Plan de salida corroborado por el Negociado de Comunidad del DCR; (3) evidencia

de finalización de terapias contra adicción a sustancias controladas; (4) evaluación psiquiátrica; y (5) evidencia que demuestre servicios de terapias o tratamiento psicológico o psiquiátrico para fortalecer y someter el control de impulsos hostiles y agresivos.

Es sobre este último dictamen del foro recurrido que el señor Román Román acude ante nosotros en el presente recurso de revisión judicial, señalando la comisión de los siguientes errores:

**Primer error:** Erró nuevamente la Junta al denegar la lbp del recurrente, no basándose su determinación final en prueba real y fehaciente y no hacer un análisis ponderado de toda la documentación y recomendaciones de funcionarios del DCR que obra en su expediente, documentos, informes y evaluaciones y los testimonios durante la vista, por lo que no existe evidencia sustancial que la sostenga y la misma fue arbitraria ilegal e irrazonable y procede su revocación.

**Segundo error:** Erró nuevamente la Junta al concluir en su determinación de hechos seis (6) que el delito cometido por el recurrente fue producto de un patrón de abuso y violencia doméstica contra la occisa que no se basó en prueba real y fehaciente y de un análisis ponderado de toda la documentación que obra en su expediente, entiéndase documentos, informes, evaluaciones, de los testimonios durante la vista y recomendaciones de funcionarios del DCR, por lo que no existe evidencia sustancial que la sostenga y la determinación tomada fue arbitraria ilegal e irrazonable, constituye un craso error de derecho y procede su revocación.

**Tercer error:** Erró nuevamente la Junta al concluir en su determinación de hechos número siete (7) que el recurrente no mostró arrepentimiento, cuando de un análisis ponderado de toda la documentación que obra en su expediente, entiéndase documentos, informes, evaluaciones, los testimonios durante la vista y recomendaciones de funcionarios del DCR que demostró que "estaba sumamente arrepentido de todo lo sucedido ya que quien sufrió por todos estos sucesos fueron ambas familias" por lo que existe en el expediente evidencia sustancial que contradice dicha determinación de la Junta, que consideró la opinión de los perjudicados y no se basó en prueba real y fehaciente siendo arbitraria, ilegal e irrazonable y constituye un craso error de derecho que amerita su revocación.

**Cuarto error:** Erró nuevamente la Junta al emitir una Resolución que determinó que el recurrente no cumplía los criterios requeridos para beneficiarse de lbp fundamentándose en que no sometió oferta de empleo aun cuando su plan de salida es para residir en el Estado de Florida y que incumplió su deber de proveer alimentos a su hija menor de edad, lo que constituyó un error de derecho y

un claro abuso de discreción que amerita la revocación de la Resolución impugnada.

**Quinto error:** Erró nuevamente la Junta al emitir una Resolución que determinó que el recurrente no cumplía los criterios requeridos para beneficiarse de lbp al determinar que nuevamente debía finalizar unas terapias de sustancias controladas que ya había finalizado y requerirle nuevamente una evaluación psiquiátrica que consta en su expediente por lo que existe evidencia real y fehaciente de que ya las había tomado, lo que constituyó un error de derecho y un claro abuso de discreción que amerita la revocación de la Resolución impugnada.

**Sexto error:** Erró nuevamente la Junta al no conceder lbp al recurrente negándose a acoger la recomendación de la Oficial Examinadora designada que recomendó su lbp., lo que constituyó un error de derecho y un claro abuso de discreción que amerita la revocación de la Resolución impugnada.

**Séptimo error:** Erró la Junta al no conceder lbp al recurrente negándose a acoger la recomendación de la Oficial Examinadora designada que recomendó su lbp por entender que el recurrente cumple cabalmente los criterios establecidos en las Secciones 10.1 y 10.2 del Reglamento 9232-2020, lo que constituyó un error de derecho y un claro abuso de discreción que amerita la revocación de la Resolución impugnada.

**Octavo error:** Erró la Junta al emitir una Resolución que denegó lbp al recurrente determinado que no cumplía los criterios requeridos para beneficiarse de lbp, incumpliendo su obligación de considerar la totalidad del expediente administrativo y las recomendaciones de funcionarios del DCR de la cual surge que éste cumple todos los requisitos establecidos en las Secciones 10.1 y 10.2 del Reglamento 9232-2020 lo que constituyó un error de derecho y un claro abuso de discreción que amerita la revocación de la Resolución impugnada.

Visto lo cual, el 12 de febrero de 2024, emitimos *Resolución* concediéndole a la recurrida treinta días para exponer su posición.

En respuesta, y como adelantamos, el 8 de marzo de 2024, la Oficina del Procurador General de Puerto Rico (el Procurador), en representación de la JLBP, presentó una *Moción en Cumplimiento de Resolución.* En su muy breve escrito, el Procurador indicó que la JLBP admitió que, por inadvertencia, no consideró la evaluación psiquiátrica que formaba parte del expediente administrativo al momento de denegarle el privilegio de libertad bajo palabra al recurrente. Por esta

razón, nuevamente solicitó que se le devolviera el caso a la JLBP para que evalúe inmediatamente al señor Román Román, a la luz de la totalidad del expediente administrativo, cónsono con lo ordenado por este Tribunal en el caso KLRA202300244.

El 18 de marzo de 2024, el recurrente presentó *Moción solicitando orden de carácter urgente para que se notifique moci[ó]n en cumplimiento de resoluci[ó]n radicado el 8 de marzo de 2024, acceso a documento sellado y término para replicar escrito radicado por el Procurador General.* Alegó que no había recibido la totalidad del documento presentado por la recurrida.

El 20 de marzo de 2024, la recurrida compareció y sostuvo que, a solicitud del recurrente, se le remitió el 11 de marzo de 2024 nuevamente la *Moción en Cumplimiento de Resolución.*

Visto lo anterior, el 21 de marzo de 2024, emitimos *Resolución* concediéndole cinco días al señor Román Román para que se expresara en torno a la petición de la recurrida para que se le devolviera el caso y pudiera evaluar el informe siquiátrico.

A raíz de lo cual, el 2 de abril de 2024, el recurrente presentó *Moci[ó]n urgente en cumplimiento de resoluci[ó] y solicitud para que se ponga en vigor concesi[ó] de libertad bajo palabra.* En lo pertinente, el señor Román Román objetó que el caso fuera devuelto por segunda ocasión a la JLBP, pues debía acogerse la recomendación de la Oficial Examinadora ordenando su libertad bajo palabra.

Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II.  Exposición de Derecho

### A.  Revisión Judicial

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec.

9601 *et seq.*, dispone el alcance de la revisión judicial sobre las determinaciones de las agencias. Tanto la referida ley, como la jurisprudencia aplicable, establecen que la función revisora de las decisiones administrativas concedida a los tribunales apelativos consiste esencialmente en determinar si la actuación de la agencia fue dictada dentro de las facultades que le fueron conferidas por ley y si la misma es legal y razonable. *T–JAC v. Caguas Centrum Limited*, 148 DPR 70, 80 (1999). Al respecto, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta experiencia y conocimiento especializado. *Graciani Rodríguez v. Garage Isla Verde, LLC; Mercedes Benz USA, LLM; Mercedes Benz Financial Services US, LLC*, 202 DPR 117, 126 (2019); *Mun. de San Juan v. Plaza Las Américas*, 169 DPR 310, 323 (2006); *Hernández Álvarez v. Centro Unido*, 168 DPR 592, 615–616 (2006). Por lo tanto, los tribunales deben ser cautelosos al intervenir con las decisiones administrativas. *Metropolitana, S.E. v. A.R.P.E.*, 138 DPR 200, 213 (1995); *Viajes Gallardo v. Clavell*, 131 DPR 275, 289–290 (1992).

Es por las razones expuestas que las decisiones de los foros administrativos están investidas de una presunción de regularidad y corrección. *García v. Cruz Auto Corp.*, 173 DPR 870, 892 (2008); *Vélez v. A.R.P.E.*, 167 DPR 684, 693 (2006); *Rivera Concepción v. A.R.P.E.*, 152 DPR 116, 123 (2000). La presunción de corrección que acarrea una decisión administrativa deberá sostenerse por los tribunales, a menos que la misma logre ser derrotada mediante la identificación de evidencia en contrario que obre en el expediente administrativo. *E.L.A. v. P.M.C.*, 163 DPR 478, 488-490 (2004); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 130 (1998).

Al momento de revisar una decisión administrativa el criterio rector para los tribunales será la razonabilidad en la actuación de la agencia. *Rebollo Vda. de Liceaga v. Yiyi Motors, Motor Ambar, Inc.*, 161 DPR 69, 76 (2004). Conforme a la cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. De San Juan v. CRIM*, 178 DPR 164, 175 (2010); *Asociación de Vecinos Tulip/Monteverde, Inc. v. Junta de Planificación*, 171 DPR 863, 873 (2007) (Sentencia); *Costa Azul v. Comisión*, 170 DPR 847, 852 (2007). Por tanto, la revisión judicial de una determinación administrativa se circunscribe a determinar si: (1) el remedio concedido por la agencia fue apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo, y (3) las conclusiones de derecho fueron correctas. Sec. 4.5 de la Ley Núm. 38-2017, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA sec. 9675; *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627 (2016).

Por otra parte, nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar tal deferencia. En específico, dicho alto foro ha reconocido que la referida deferencia a las determinaciones administrativas cederá cuando: (1) la decisión no está basada en evidencia sustancial**; (2) el organismo administrativo ha errado en la aplicación de la ley, y (3) ha mediado una actuación irrazonable o ilegal**. *Acarón, et al v. D.R.N.A.,* 186 DPR 564, 584 (2012)*; Marina Costa Azul v. Comisión,* 170 DPR 847, 852 (2007). (Énfasis nuestro).

### B. Junta de Libertad Bajo Palabra

El sistema de libertad bajo palabra es dictaminado por la Ley 118-1974 (Ley Núm. 118), según enmendada, 4 LPRA secs. 1501 *et*

*seq.,* conocida como la Ley orgánica de la JLBP. De su articulado surge que, *se permite que una persona que haya sido convicta y sentenciada a un término de reclusión cumpla la última parte de su sentencia fuera de la institución penal, sujeto a las condiciones que se impongan para conceder la libertad. Rivera Beltrán v. J.L.B.P.,* 169 DPR 903, 918 (2007). El propósito de esto es hacer viable la consecución de la política pública enunciada en la Constitución del Estado Libre Asociado de Puerto Rico, a los efectos de que se propenderá al tratamiento adecuado de los convictos para hacer posible su rehabilitación moral, social y económica. *Véase,* sección 19 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico.

La libertad condicionada se considera como un privilegio concedido para ayudar a los convictos en su proceso de rehabilitación, puesto que se razona que mientras disfrutan de estos beneficios están técnicamente en reclusión. *Pueblo v. Negrón Caldero,* 157 DPR 413, 420 (2002).

La Junta de Libertad Bajo Palabra es una agencia administrativa adscrita al Departamento de Corrección y Rehabilitación, según creada mediante la Ley Núm. 118, *supra.* Nuestro Tribunal Supremo ha manifestado que dicho organismo administrativo tiene la facultad de conceder a cualquiera de las personas recluidas en una institución carcelaria de Puerto Rico, el privilegio de cumplir la última parte de su condena en libertad bajo palabra. *Benítez Nieves v. Estado Libre Asociado,* 202 DPR 818, 925 (2019).

Cónsono con lo anterior, para implantar las disposiciones de su ley habilitadora, la JLBP adoptó el 18 de noviembre de 2020, el Reglamento 9232, *Reglamento de la Junta de Libertad Bajo Palabra* (Reglamento Núm. 9232). La sección 10.1 de dicho Reglamento dispone los criterios que la JLBP deberá considerar al evaluar una solicitud de libertad bajo palabra. Entre los criterios a considerar se encuentran los siguientes:

A. La Junta evaluará las solicitudes del privilegio caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión.

B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:

(1) Historial delictivo;

(2) Una relación de liquidación de la(s) sentencia(s) que cumple el peticionario;

(3) La clasificación de custodia, el tiempo que lleva en dicha clasificación y si hubo cambio de clasificación y las razones para ello;

(4) La edad del peticionario;

(5) La opinión de la víctima;

(6) El Historial Social;

(7) Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero;

(8) Historial de Salud;

(a) Se tomarán en consideración todos los informes emitidos por cualquier profesional de la salud mental, que formen parte del historial psicológico preparado por el Departamento de Corrección y Rehabilitación y/o el historial psiquiátrico preparado por Salud Correccional, según aplique.

(b) Historial médico del peticionario.

(c) Tratamientos para condiciones de salud que haya recibido o reciba el peticionario.

(9) Si se registró en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores, en aquellos casos en que el peticionario cumpla sentencia por alguno de los delitos identificados en el Artículo 3 de la Ley Núm. 266 de 9 de septiembre de 2004, según enmendada;

(10) Si se registró en el Registro de Personas Convictas por Delitos de Violencia Doméstica, en aquellos casos en que el peticionario cumpla sentencia por alguno de los delitos identificados en la Ley Núm. 59 de 1 de agosto de 2017, según enmendada;

(11) Cumplimiento con la toma de muestra de ADN, en aquellos casos en que el peticionario extingue sentencia por alguno de los delitos identificados en el Artículo 8 de la Ley Núm. 175 de 24 de julio de 1998, según enmendada;

(12) La Junta tendrá discreción para considerar los mencionados criterios según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionario y al mejor interés de la sociedad.

Sección 10.1 del Art. X del Reglamento Núm. 9232. (Información omitida del texto original).

Por último, el Artículo XIV, sección 14.1 del Reglamento 9232 establece que la JLBP "tomara su determinación a base de la

preponderancia de prueba, a la luz de la prueba presentada durante la vista y la totalidad del expediente del caso".

### C. Ley del caso

En nuestro ordenamiento jurídico rige la doctrina de la ley del caso, la cual establece que los derechos y obligaciones que han sido adjudicados mediante una **determinación judicial que adviene final y firme no pueden ser reexaminados.** *Pueblo v. Serrano Chang*, 201 DPR 643, 653 (2018); *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 8 (2016); *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005); *Mgmt. Adm. Servs, Corp. V. E.L.A.*, 152 DPR 599, 606 (2000). (Énfasis suplido). **Esta norma jurídica tiene el propósito de que las partes en un pleito puedan proseguir sobre "unas directrices judiciales confiables y certeras".** *Mgmt. Adm. Servs, Corp. v. E.L.A.*, **supra, págs. 607-608.** (Énfasis nuestro). Igualmente, esta doctrina resulta fundamental para poner en vigor el respeto debido a los dictámenes del tribunal, así como para procurar la estabilidad del Derecho. *Pueblo v. Serrano Chang*, supra, a la pág. 653.

Por tanto, la ley del caso opera como una limitación a auscultar nuevamente cuestiones adjudicadas sobre las cuales las partes descansan y conducen su proceder en la tramitación de sus reclamos. Por medio de este principio se avala la reiterada práctica de los tribunales de evitar reconsiderar asuntos ya evaluados en determinado pleito. Cabe resaltar, no obstante, que la ley del caso guía la discreción del tribunal, pero no coarta su facultad de manejar las controversias ante su consideración. *Cacho Pérez v. Hatton Gotay*, supra, a la pág. 9.

De esta forma, el foro puede ejercer su prerrogativa de alterar dictámenes que constituyen la ley del caso en situaciones excepcionales. Dicho de otro modo, si en un mismo pleito, cierto asunto vuelve ante la consideración del tribunal y, al revaluar el mismo, éste concluye que su determinación previa atenta contra la resolución justa de la controversia,

el foro no viene obligado a aplicar la ley del caso. *Félix v. Las Haciendas*, 165 DPR, a la pág. 844; *Rodríguez Ocasio v. ACAA*, 197 DPR 852, 864 (2017). Empero, los tribunales pueden descartar la aplicación de esta doctrina únicamente cuando el atentado contra los principios básicos de la justicia es patente. *Noriega v. Gobernador*, 130 DPR 919, 931 (1992). Examinado de otra manera, la ley del caso no puede ser descartada si, al hacerlo, se producen resultados manifiestamente injustos a una de las partes.

Para que un reclamo al amparo de esta doctrina prospere, es requisito de umbral que se trata de un dictamen revestido de certeza, lo que incluye todas las cuestiones finales consideradas y decididas por el tribunal. *Félix v. Las Haciendas*, 165 DPR, a la pág. 843. Es menester destacar que dicho dictamen no tiene que estar comprendido en una sentencia. La doctrina de la ley del caso aplica igualmente a lo dirimido en órdenes y resoluciones, una vez éstas advienen finales y firmes. *Secretario del Trabajo v. Tribunal Superior*, 95 DPR 136, 140 (1967). De este modo, la ley del caso integra la máxima jurídica de que "las adjudicaciones deben tener fin". *Íd.* a la pág. 141; *véase*, además, *Pueblo v. Serrano Chang*, 201 DPR, a la pág. 654.

Por último, como regla general, **las determinaciones judiciales que constituyen la ley del caso obligan tanto al tribunal de instancia como al que las dictó, si el caso vuelve ante su consideración.** *Cacho Pérez v. Hatton Gotay*, supra, en la pág. 9. (Énfasis provisto).

**III. Aplicación del Derecho a los hechos**

a.

La discusión del quinto señalamiento de error dispone del recurso presentado, por lo que nos limitaremos a su dilucidación.

Sin que resulte necesario reiterar sobre lo señalado, el recurrente aduce que incidió la JLBP al denegarle la concesión de la libertad bajo

palabra, y requerirle una evaluación psiquiátrica, aun cuando esta última ya obraba en el expediente administrativo. Más aún, por virtud del Informe de la Oficial Examinadora de la JLBP de 26 de septiembre de 2023, donde se recomendó la concesión de la libertad a prueba del recurrente bajo un programa de supervisión electrónica en el Estado de la Florida, este juzga que deberíamos ordenar tal curso de acción, sin consideraciones ulteriores.

Sobre lo cual, el Procurador General admite que la JLBP no consideró la evaluación psiquiátrica del recurrente para fines de determinar la concesión de libertad bajo palabra, aunque sí formaba parte del expediente administrativo al momento en que se determinó denegar dicho privilegio, pero aduce que esto fue producto de una inadvertencia de dicho órgano administrativo. Reconoce de igual forma que, por virtud de nuestra *Sentencia* de 21 de julio de 2023, KLRA202300244, ya habíamos ordenado la devolución de este caso a la JLBP para que, tomando en consideración la evaluación psiquiátrica, el recurrente fuera evaluado nuevamente, de forma integral e inmediata, sin tener que esperar al mes de diciembre de 2023. Como remedio, nos solicita que ordenemos la devolución del caso a la JLBP, para que de inmediato evalúe al señor Román Román, a la luz de la totalidad del expediente administrativo, cónsono con lo ordenado por este Tribunal mediante *Sentencia* de 21 de julio de 2023.

b.

Habiendo sido admitido por la propia JLBP, a través del Procurador, que no tomó en consideración la evaluación siquiátrica del recurrente al denegar la concesión de libertad a prueba, dictamen aquí recurrido, queda establecido que incumplió con la *Orden* que a esos precisos efectos emitimos en la *Sentencia* de 21 de julio de 2023, KLRA202300244, y constituye la ley del caso. En este sentido, no

podemos variar el dictamen anterior de este Tribunal de Apelaciones donde fue ordenado a la JLBP incluir la evaluación siquiátrica, como parte de la evaluación integral del expediente administrativo que debe preceder la decisión que se tome. Este curso de acción está respaldado, además, por la clara letra del Reglamento 9232, que requiere que la JLBP tome su determinación a base de la prueba presentada **y la totalidad del expediente del caso**. (Énfasis provisto). Artículo XIV, sección 14.4 del Reglamento 9232.

Examinado lo anterior, sin embargo, queda por determinar si el remedio que procede en el caso ante nosotros es: concederle una segunda oportunidad a la JLBP para que evalúe nuevamente el caso del recurrente, pero tomando en consideración la referida evaluación psiquiátrica, según lo sugiere el Procurador en su escrito; o si debemos ordenar la concesión de la libertad a prueba al recurrente, sin consideraciones ulteriores, de acuerdo a la recomendación del Informe de la Oficial Examinadora de la JLBP de 26 de septiembre de 2023.

Atendidas tales propuestas de remedio, nos decantamos en favor de ordenar devolver a la JLBP el asunto, para que esta vez sí realice la evaluación del recurrente para tal privilegio, considerando la totalidad del expediente, lo que necesariamente incluye la evaluación siquiátrica, **sin dilación alguna.**

Al así decidir reconocemos como inexcusable que, por una llamada *inadvertencia,* la JLBP no hubiese considerado la evaluación siquiátrica del recurrente al determinar sobre la concesión del privilegio bajo examen, a pesar de que con claridad así le ordenamos que actuara mediante la *Sentencia* de 26 de septiembre de 2023, y tal omisión retrasara tan delicado proceso. Sin embargo, también reconocemos que corresponde a la JLBP, como ente administrativo especializado, la labor de sopesar toda la información pertinente al momento de emitir una

determinación sobre la concesión o denegatoria del privilegio de libertad a prueba. Ubica así este curso decisorio nuestro dentro del principio de deferencia que rige la labor revisora al sopesar las actuaciones administrativas, lo que incluye el reconocimiento a la pericia de las agencias en las labores que le son delegadas.

Atendiendo específicamente el planteamiento del recurrente, dirigido a solicitarnos que acojamos las recomendaciones dimanantes del Informe de la Oficial Examinadora de 26 de septiembre de 2023 para determinar, sin más, conceder la libertad a prueba, se debe conocer que las conclusiones y recomendaciones contenidas en un informe de un oficial examinador no obligan al organismo administrativo. *Misión Industrial P.R. v. J.C.A.*, 145 DPR 908, 933 (1998); *Henríquez v. Consejo de Educación Superior*, 120 DPR 194, 208 (1987). Es decir, una vez la JLBP evalúe la totalidad del expediente administrativo, junto a las recomendaciones de la referida Oficial Examinadora, no necesariamente tiene que acoger las recomendaciones que de dicho Informe surjan.

En definitiva, la JLBP no evaluó la totalidad del expediente administrativo del recurrente, en tanto que, para alcanzar su determinación de denegar la libertad a prueba, pretirió sopesar el informe siquiátrico, a pesar de tenerlo disponible, y este foro intermedio habérselo ordenado aquilatar, mediante la *Sentencia* dictada en el caso KLRA202300244. Bajo tales términos, el dictamen recurrido fue irrazonable, procede su revocación. No obstante, como remedio ordenamos que, sin dilación alguna, de manera inmediata, la JLBP reevalúe al recurrente, de conformidad con lo aquí expuesto.

## IV. Parte dispositiva

Por lo explicado, revocamos la determinación recurrida y devolvemos el caso a la JLBP para que, tomando en consideración la

evaluación psiquiátrica, evalúe nuevamente al recurrente conforme a derecho.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones